IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**SportBrain Holdings LLC**,

 Plaintiff,

v.

**Invensense, Inc.**

 Defendant.

Case No.: 1:17-cv-05384

Hon. John Robert Blakey

## INITIAL STATUS REPORT

1. **THE NATURE OF THE CASE**

   a. **The Attorneys of Record for Each Party:** Plaintiff SportBrain is represented by Isaac Rabicoff (lead) and Kenneth Matuszewski of Rabicoff Law LLC. The Defendant is not represented by counsel at this point.

   b. **Basis for Federal Jurisdiction:** The alleged basis for the Court's subject matter jurisdiction over Plaintiff's claims is 28 U.S.C. §§ 1331 and 1338(a).

   c. **Nature of the Claims asserted in the Complaint and Counterclaims:** See the paragraph below for the nature of the claims asserted by the Plaintiff. The Defendant has not yet filed counterclaims in this matter.

    **Major Legal and Factual Issues:** <u>Plaintiff's Statement</u>: Defendant infringes U.S. Patent. No. 7,454,002 under 35 U.S.C. § 271(a) (direct infringement) by making, using, selling, providing, advertising and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the

personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Defendant also infringes by partnering with third parties to provide additional companion apps, services and/or fitness tracker devices: to the extent these third party companion apps, services and/or fitness tracker devices (in combination with the Invensense Coursa Sports platform) carry out the remaining steps of the method in at least claim 1, these acts are attributable under 35 U.S.C. § 271(a) (divided infringement).

Defendant's Statement: [n/a]

    d. **Relief Sought by the Plaintiff:** Plaintiff seeks the following relief: 1) Judgment that Defendant infringed the patent-in-suit; 2) Accounting be had for damages to Plaintiff by Defendant's acts in violation of the U.S. Patent Act together with pre-judgment and post-judgment interest and costs of suit; 3) Damages be assessed at no less than a reasonable royalty in regard to the acts of infringement by Defendant complained of; 4) That any damages awarded in accordance with any prayer for relief be enhanced and trebled in accordance with the U.S. Patent Act for Defendant's acts which are found to be willful acts of patent infringement; and 5) Such other and further relief as this Court shall deem just and proper.

2. **PENDING MOTIONS AND CASE PLAN**

    **a. All Pending Motions:** There are no pending motions before this court.

b. **Proposal for Discovery Plan**

i. **General Type of Discovery Needed: Interrogatories, Depositions:**

Plaintiff's Statement: Plaintiff proposes that the Parties may serve 20 requests for production, 15 interrogatories, and 20 requests for admission. Plaintiff further proposes that fact depositions be limited to 28 hours per side.

Defendant's Statement: [n/a]

ii. **Dates for 26(a)(1) Disclosures:** Defendant has not responded to the Complaint yet. Further details will be provided once the parties have a chance to meet and confer.

iii. **Date to Issue Written Discovery; Fact Discovery Completion Date; Expert Discovery; Expert Discovery Completion Date; and Date for Filing Dispositive Motions:** Plaintiff proposes that the Parties will meet and confer over a schedule for such deadlines, but stipulate that all such proposed deadlines will conform with the Local Patent Rules of this district absent substantive countervailing circumstances.

c. **Jury Trial Request and Probable Length of Trial** - Plaintiff has demanded a trial by jury pursuant to Rule 38(b). The Parties have not yet discussed an estimated length of trial.

3. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

Plaintiff does not consent to proceed before a magistrate judge. Further details will be provided once the parties have a chance to meet and confer.

**4. STATUS OF SETTLEMENT DISCUSSIONS**

    **a. Occurrence of Settlement Discussions:**

Plaintiff's Statement: Plaintiff has not entered into preliminary settlement discussions with the Defendant. Further details will be provided once the parties have a chance to meet and confer.

Defendant's Statement: [n/a]

    **b. Status of Settlement Discussions:**

Plaintiff's Statement: Plaintiff and the Defendant have not yet conferred. As such, settlement discussions have not occurred. Further details will be provided once the parties have a chance to meet and confer.

Defendant's Statement: [n/a]

    **c. Parties' Request for Settlement Conference:**

Plaintiff's Statement: Plaintiff does not request a settlement conference at this time.

Defendant's Statement: [n/a]

Dated: 8/28/2017

                                      Respectfully submitted,

                                      /s/ Kenneth Matuszewski
                                      Counsel for Plaintiff

KENNETH MATUSZEWSKI
RABICOFF LAW LLC
73 W MONROE ST
CHICAGO, IL 60603
708-870-5803
kenneth@rabilaw.com

## CERTIFICATE OF SERVICE

      Please take notice that on August 28, 2017, we electronically filed with the United States District Court for the Northern District of Illinois, the above Motion by Plaintiff SportBrain. A copy of this document will be electronically served upon all parties having filed an appearance in this matter.

                                       /s/ Kenneth Matuszewski
                                       Counsel for Plaintiff